UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANG HUN OM,<br><br>            Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>            Defendants. | CASE NO. C12-0496JLR<br><br>ORDER ON DEFENDANTS'<br>MOTION TO DISMISS |

## I.     INTRODUCTION

This matter comes before the court on Defendants Bank of America, N.A. ("BANA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender (sued as "America's Wholesale Lender Corporation") ("CHL"), and ReconTrust Company, N.A.'s ("ReconTrust") motion to dismiss Plaintiff Sang Hun Om's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. (Dkt. # 5).) Mr. Om opposes the motion. (Resp. (Dkt. # 12).)

Having considered the submissions of the parties, the balance of the record, and the relevant law, and no party having requested oral argument, the court GRANTS in part and DENIES in part Defendants' motion to dismiss (Dkt. # 5). The court DISMISSES WITH PREJUDICE Mr. Om's claims for negligence against BANA and CHL and Mr. Om's claims against all Defendants for negligent misrepresentation, intentional misrepresentation, wrongful foreclosure, and violation of the Washington Consumer Protection Act, chapter 19.86 RCW. The court DISMISSES WITHOUT PREJUDICE Mr. Om's claims for negligence against MERS and ReconTrust and Mr. Om's claims against all Defendants for breach of contract, unjust enrichment, and conversion, and GRANTS Mr. Om leave to file an amended complaint that cures the deficiencies identified in this order within 21 days of the entry of this order.

## II. BACKGROUND

On or about December 27, 2004, Mr. Om obtained a $307,000.00 mortgage loan ("the Loan") to finance the purchase of real property located at 33217 44th Avenue South, Auburn, Washington 98001 ("the Property"). (Compl. (Dkt. # 1-1) ¶¶ 8-9; Downs Decl. (Dkt. # 6) Ex. A (Deed of Trust).)[1] The deed of trust securing the Loan ("the Deed

---

[1] Although, as a general rule, the court may not consider materials not originally included in the pleadings in deciding a Rule 12(b)(6) motion, the court may take judicial notice of matters of public record and may consider them without converting a Rule 12(b)(6) motion into one for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008). As the Deed of Trust was publicly filed, the court takes judicial notice of it and the other publicly filed documents submitted by Defendants in support of their motion. Mr. Om objects to the court's consideration of these documents based on the claim that they lack authenticity because they "are replete with duplicity of persons and signatures." (Resp. at 5.) Mr. Om, however, confuses the test for the admissibility of matters of public record with the test for considering documents not attached to the complaint. *See Lee v. City of L.A.*, 250

of Trust") identifies CHL as the lender, Steward Title as the Trustee, and MERS as the beneficiary, as "nominee of the lender and lender's successors and assigns." (Downs Decl. Ex. A (Deed of Trust).) By document recorded May 18, 2009, MERS appointed ReconTrust as successor trustee. (Downs Decl. Ex. B (Appointment of Successor Trustee).) MERS subsequently assigned its interest in the Deed of Trust to The Bank of New York Mellon, which was recorded on November 6, 2009. (Downs Decl. Ex. C (Assignment of Deed of Trust).)

Several years after obtaining the Loan, Mr. Om fell behind on his payments.[2] (Compl. ¶ 11; Downs Decl. Ex. D (Not. of Trustee's Sale) § IV.) On or about May 11, 2009, a written notice of default was served on Mr. Om. (*Id.* ¶ 11; Downs Decl. Ex. D (Not. of Trustee's Sale) § VI.) On June 16, 2009, ReconTrust recorded a Notice of Trustee's Sale ("the Notice"). (Downs Decl. Ex. D (Not. of Trustee's Sale).) The Notice indicated that the total amount in arrears exceeded $22,000.00, and scheduled a trustee's sale of the Property for September 18, 2009. (*Id.* §§ III, V.) The Notice further stated:

> Anyone having any objections to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit or restrain the sale pursuant to RCW 61.24.130. Failure to bring

---

F.3d 668 (9th Cir. 2001) (setting forth the two different tests). Moreover, even if the court were required to consider the authenticity of public records, the court would not find Mr. Om's alleged reasons for the lack of authenticity to be persuasive.

[2] Mr. Om alleges in his complaint that he fell behind on his Loan payments on or about April 2009. (Compl. ¶ 11.) The publicly recorded Notice of Trustee's Sale, however, indicates that he had been in default since November 2008. (Downs Decl. Ex. D (Notice of Trustee's Sale) § IV.) There is no dispute that Mr. Om indeed did default on his Loan payments, and the precise time at which this occurred is immaterial to Mr. Om's complaint and Defendants' motion to dismiss.

ORDER- 3

such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.
(*Id.* § IX.)

Mr. Om alleges that before the full arrearage became due, he requested that the notice of default be withdrawn provided that he pay the arrearage. (Compl. ¶ 12.) He alleges that ReconTrust or "Lender" advised him that he should modify the mortgage, and in reliance on that advice, he began the process for modification. (*Id.*) He further alleges that he informed ReconTrust or "Lender" multiple times that he wanted to keep the house and would pay the money if necessary to keep it. (*Id.* ¶ 13.) Mr. Om claims that prior to the foreclosure sale, ReconTrust or "Lender" assured him a "number of times" that his request for a modification was approved and that he "need not worry." (*Id.*) He also alleges that "Lender" told him "to ignore the pending foreclosure." (*Id.*)

The foreclosure process was postponed and eventually occurred at the end of October 2009.[3] (*Id.* ¶¶ 13-14; Downs Decl. Ex. E (Trustee's Deed) ¶ 10.) At no time prior to the sale did Mr. Om bring a lawsuit to restrain the sale.

On March 12, 2012, Mr. Om filed the instant lawsuit against Defendants in the King County Superior Court for the State of Washington. (*See* Compl.) On March 22, 2012, Defendants timely removed to this court. (*See* Not. of Removal (Dkt. # 1).) Mr. Om brings claims for breach of contract (Compl. ¶¶ 15-16), negligence (*id.* ¶¶ 17-18),

---

[3] Mr. Om alleges in his complaint that the foreclosure sale was postponed until on or about October 18, 2009. (Compl. ¶¶ 13-14.) The publicly recorded Trustee's Deed indicates that the sale occurred on October 23, 2009. (Downs Decl. Ex. E (Trustee's Deed) ¶ 10.) The exact date of the foreclosure sale appears to be immaterial to Mr. Om's claims, as well as to Defendants' motion to dismiss.

ORDER- 4

negligent misrepresentation (*id.* ¶¶ 19-20), intentional misrepresentation (*id.* ¶¶ 21-22), wrongful foreclosure (*id.* ¶¶ 23-24), unjust enrichment (*id.* ¶¶ 25-26), conversion (*id.* ¶¶ 27-28), and violation of the Washington Consumer Protection Act ("CPA"), chapter 19.86 RCW (*id.* ¶¶ 29-30). On March 29, 2012, Defendants filed the motion to dismiss that is currently pending before the court. (Mot.)

### III. DISCUSSION

**A. Legal Standard**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or the "formulaic recitation of the elements of a cause of action will not do." *Id.* The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Apart from factual insufficiency, a complaint is also subject to dismissal where it lacks a cognizable legal

theory, or where the allegations on their face "show that relief is barred" for some legal reason. *Balistreri*, 901 F.2d at 699; *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In determining whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the complaint. *Iqbal,* 129 S. Ct. at 1950. The court is not, however, required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the court required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

**B. Defendants' Motion to Dismiss**

Defendants move to dismiss Mr. Om's complaint with prejudice pursuant to Rule 12(b)(6). (*See generally* Mot.) They argue that Mr. Om waived the majority of his claims and that his remaining claims are barred by the applicable statute of limitations. (*Id.*) In the alternative, they contend that his remaining claims are inadequately plead or are untenable. (*Id.*) The court addresses the issues raised by Defendants below.

**1. Waiver and Statute of Limitations**

In 1965, the Washington legislature enacted the Deed of Trust Act ("DTA"), which created and governs statutory deeds of trust in Washington. Wash. Laws of 1965, chapter 74; *see* 18 William B. Stoebuck & John W. Weaver, Washington Practice, Real Estate: Transactions § 20.1, at 403 (2d ed. 2004). The DTA establishes the procedures and requisites for nonjudicial foreclosure, including procedures by which enumerated

entities may restrain a trustee's sale for "any proper ground." *Brown v. Household Realty Corp.*, 189 P.3d 233, 235 (Wash. Ct. App. 2008). This statutory procedure is "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Id.* at 236; *see also Plein v. Lackey*, 67 P.3d 1061, 1066 (Wash. 2003).

"The failure to take advantage of the presale remedies under the [DTA] may result in waiver of the right to object to the sale." *Plein*, 67 P.3d at 1066-67. Indeed, the required statutory notice, which Mr. Om received in this case, includes a paragraph that states:

> Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

RCW 61.24.040(1)(f)(IX); *see also Plein*, 67 P.3d at 1066. Accordingly, "Washington courts have held that a borrower or grantor of a deed of trust who fails to employ the procedures of the DTA to enjoin a foreclosure or trustee's sale waives the right to contest the underlying obligations on the foreclosed property." *Moon v. GMAC Mortg. Corp.*, No. C08-969Z, 2009 WL 3185596, at *8 (W.D. Wash. Oct. 2, 2009) (citing *Plein*, 67 P.3d 1061, *Brown*, 189 P.3d 233, and *CHD, Inc. v. Boyles*, 157 P.3d 415 (Wash. Ct. App. 2007)). More specifically, Washington courts have held that waiver of any post-sale contest occurs where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale. *E.g.*, *Plein*, 67 P.3d at

1067; *Brown*, 189 P.3d at 236.  Waiver under these circumstances serves the following goals of the Washington State legislature in enacting the DTA:  "(1) that the nonjudicial foreclosure process should be efficient and inexpensive; (2) that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure; and (3) that the process should promote stability of land titles."  *Plein*, 67 P.3d at 1065.

Although the waiver doctrine bars claims that contest the underlying debt or obligation, it does not preclude a borrower or grantor from challenging, in a post-sale action, the procedures of the foreclosure or trustee's sale.  *CHD*, 157 P.3d at 419 ("A party can contest the procedures of a sale in a postsale action.").  Furthermore, the Washington State legislature recently amended the DTA to specify that the following types of claims are not waived by a borrower's or grantor's failure to bring a civil action to enjoin a foreclosure or trustee's sale:  (1) common law fraud or misrepresentation; (2) a violation of Title 19 RCW; (3) failure of the trustee to materially comply with the provisions of the DTA; and (4) a violation of RCW 61.24.026.  RCW 61.24.127(1).  These claims, however, may not seek any remedy at law or in equity other than monetary damages and must be asserted within two years from the date of the foreclosure sale or within the applicable statute of limitations for such claims, whichever expires earlier.  RCW 61.24.127(2)(a)-(b); *see also* RCW 61.24.127(2)(c)-(f) (setting forth additional limitations for claims asserted under RCW 61.24.127(1)).  Additionally, this section applies only to foreclosures of owner-occupied residential real property.  RCW 61.24.127(3).

The task before the court, therefore, is to determine whether Mr. Om's claims involve the underlying obligation, the foreclosure procedure, or one of the statutory exceptions to waiver—which will indicate whether they have been waived or are otherwise subject to the two-year statute of limitations provided for in RCW 61.24.127. First, the court concludes that Mr. Om's claims for negligent misrepresentation, intentional misrepresentation, wrongful foreclosure, and violation of the CPA all fall within the statutory exception to waiver. *See* RCW 61.24.127(1). Thus they are subject to a two-year statute of limitations. RCW 61.24.127(2)(a). The foreclosure sale for the Property occurred in October 2009, therefore these claims, which were not raised until the filing of this lawsuit in March 2012, are barred by the statute of limitations. *See id.* Accordingly, the court grants Defendants' motion to dismiss Mr. Om's claims for negligent misrepresentation, intentional misrepresentation, wrongful foreclosure, and violation of the CPA with prejudice.

Mr. Om's remaining claims are for breach of contract, negligence, unjust enrichment, and conversion. Each of these claims is premised on Mr. Om's allegation that his request for a modification was approved and that one of the defendants told him that the foreclosure would not go forward. (*See* Compl. ¶¶ 15-18, 25-28.) In *Moon*, the court determined that the plaintiff's claims alleging that the defendants made misrepresentations concerning their authority to postpone the foreclosure sale predominately related to the foreclosure process and that, accordingly, they fell outside of the scope of the waiver doctrine. *Moon*, 2009 WL 3185596, at *9. Similarly, in *YongBae Kim v. Bank of America*, No. C11-269 MJP, 2011 WL 3563325 (W.D. Wash.

Aug. 11, 2011), the court allowed the plaintiffs' breach of contract claim to go forward, despite the defendant's argument that it was waived, where the plaintiffs alleged that the defendant implicitly agreed not to foreclose on the property while it reviewed their loan modification application. *Id.* at \*4-\*5.  Both *Moon* and *YongBae Kim* are similar to this case in that they involved claims that were based on alleged representations by the defendants that the foreclosure sale would not go forward. Accordingly, the court follows their guidance and concludes that Mr. Om's remaining claims fall outside of the scope of the waiver doctrine. The court therefore denies Defendants' motion to dismiss these claims based on the waiver doctrine.

### 2. Inadequate Pleading

Defendants additionally argue that any claims not barred by the waiver doctrine or the two-year statute of limitations still must be dismissed for failing to state a claim. (Mot. at 7-18.) For the reasons described below, the court agrees with Defendants that Mr. Om has failed to properly allege his claims for breach of contract, negligence, unjust enrichment, and conversion, and therefore grants Defendants' motion with respect to these claims. The court concludes that leave to amend would not be futile with respect to all claims except the negligence claim against BANA and CHL. The court dismisses Mr. Om's negligence claim against BANA and CHL with prejudice, and grants Mr. Om leave to amend the remaining claims.

#### a. Breach of Contract

"Generally, a plaintiff in a contract action must prove a valid contract between the parties, breach, and resulting damage." *Lehrer v. Dep't of Soc. & Health Servs.*, 5 P.3d

722, 727 (2000). Forming a contract requires an offer, its acceptance, and consideration. *Veith v. Xterra Wetsuits, LLC*, 183 P.3d 334, 337 (Wash. 2008) (citation omitted). An offer consists of a promise to render a stated performance in exchange for a return promise being given. *Pac. Cascade Corp. v. Nimmer*, 608 P.2d 266, 268 (Wash. Ct. App. 1980) (citing Restatement of Contracts § 24 (1932)). Acceptance is an expression (communicated by word, sign, or writing to the person making the offer) of the intention to be bound by the offer's terms. *Veith*, 183 P.3d at 337. Consideration is "any act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange." *King v. Riveland*, 886 P.2d 160, 164 (Wash. 1994). Put another way, consideration is a bargained-for exchange of promises. *Williams Fruit Co. v. Hanover Ins. Co.*, 474 P.2d 577, 581 (Wash. 1970).

In support of his breach of contract claim, Mr. Om alleges that "Defendants breached the agreement with Plaintiff when Defendant(s) informed that the Plaintiff's request for modification was approved and that Plaintiff should ignore the pending foreclosure." (Compl. ¶ 16.) Mr. Om further alleges that he "justifiably relied on the representations made by the Defendants suffering irreparable damages and injury." (*Id.*) Mr. Om does not specify to which agreement he is referring in this claim, but his response brief suggests that the agreement was the alleged oral agreement between himself and either ReconTrust or "Lender" to enter into a loan modification. (*See* Resp. at 6-7.)

The allegations in the complaint, however, are insufficient to establish the existence of a valid and enforceable contract aside from the original loan documents. In

particular, Mr. Om fails to allege facts establishing consideration. As the court in *YongBae Kim* observed in a similar situation, "Plaintiffs fail to allege any facts suggesting they provided consideration in exchange for [the defendant] agreeing not to foreclose on the property. There is no reason to believe [the defendant] would agree to delay foreclosure without receiving any bargained for promise." *YongBae Kim*, 2011 WL3563325, at *5. These observations are wholly applicable here. Furthermore, Mr. Om does not specify which of the four defendants were parties to the contract, or which defendants breached the contract. For example, there are no allegations in the complaint that suggest that MERS was a party to the alleged contract. Accordingly, Mr. Om fails to state a claim for breach of contract, and the court thus dismisses this claim but grants leave to file an amended complaint that, at the very least, alleges facts supporting the existence of a valid and enforceable contract and identifies the parties to the contract.

      **b. Negligence**

The essential elements of a negligence action are (1) the existence of a duty to plaintiff; (2) breach of that duty; (3) resulting injury; and (4) proximate cause between the breach and the injury. *Hutchins v. 1001 Fourth Ave. Assocs.*, 802 P.2d 1360, 1362 (Wash. 1991). "The threshold determination in a negligence action is whether a duty of care is owed by the defendant to the plaintiff." *Taylor v. Stevens Cnty.*, 759 P.2d 447, 449 (Wash. 1988). "In the law of negligence, a duty of care is defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, 243 P.3d 521, 526 (Wash. 2010) (internal quotation omitted). The existence of a duty is a question

of law. *Hutchins*, 802 P.2d at 1362. Furthermore, under Washington's independent duty doctrine, "[a]n injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract," but an economic injury is not remediable in tort if the tort duty is not independent of the terms of the contract. *Affiliated FM*, 243 P.3d at 526; *see also Eastwood v. Horse Harbor Foundation, Inc.*, 241 P.3d 1256, 1262 (Wash. 2010) ("An injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract.").

Here, Mr. Om alleges, "Defendants owed certain duties to plaintiff, including [a] fiduciary duty to disclose the fact that subject residence was being foreclosed, and plaintiff's modification would not stop the pending foreclosure causing irreparable damages and injury to Defendant." (Compl. ¶ 18.) The independent duty doctrine, however, bars Mr. Om's claims against BANA and CHL, as their relationship is governed by contract and there is no independent duty. *See Gaylean v. OneWest Bank FSB*, No. C10-827 MJP, 2010 WL 5138396, at *3 (W.D. Wash. Dec. 9, 2010) (dismissing borrower's negligence claim against lender based on the independent duty doctrine). Accordingly, the court dismisses any negligence claim against these defendants with prejudice.

With respect to MERS and ReconTrust, there are insufficient allegations in the complaint of a breach of any duty that they may have owed Mr. Om. Aside from identifying MERS as one of the parties to the action (*see* Compl. ¶ 4), the complaint includes no factual allegations involving MERS whatsoever. Additionally, the allegations in the complaint regarding ReconTrust fail to satisfy *Iqbal*'s requirement that

a plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In particular, Mr. Om states several times that ReconTrust *or* "Lender" committed certain acts, including advising Mr. Om that the "modification was approved therefore he need not worry." (Compl. ¶ 13.) Even assuming the alleged acts support a breach of a duty of care, stating that ReconTrust *or* another party took certain action is insufficient to give rise to a reasonable inference that ReconTrust is liable for the misconduct alleged. Finally, the court notes that the DTA expressly provides that trustees have "no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust." RCW 61.24.010(3). Thus any claim that ReconTrust owes Mr. Om a fiduciary duty fails as a matter of law. For the foregoing reasons, the court dismisses Mr. Om's claim for negligence against MERS and ReconTrust but grants leave to amend.

**c. Unjust Enrichment**

Under Washington law, there are three elements to an unjust enrichment claim: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008). In support of his unjust enrichment claim, Mr. Om alleges: "Defendants have been unjustly enriched by failing to inform Plaintiff of Defendant's intention to proceed with the foreclosure. Plaintiff justifiably relied on the

representations made by the Defendants suffering damages and injury." (Compl. ¶ 26.) The complaint, however, lacks factual allegations that Mr. Om conferred a benefit on any of the defendants, nor does he allege an appreciation or knowledge by any defendant of the benefit. The complaint is similarly lacking in allegations supporting the final element of unjust enrichment. Accordingly, the court dismisses Mr. Om's unjust enrichment claim with leave to amend.

### d. Conversion

To state a claim for conversion, a plaintiff must allege (1) his or her entitlement to possess the chattel, (2) that he or she was deprived of such possession, (3) due to the defendant's willful interference, and (4) that such interference was not justified. *Potter v. Wash. State Patrol*, 196 P.3d 691, 696 (Wash. 2008) ("Conversion is the unjustified, willful interference with a chattel which deprives a person entitled to the property of possession."). Here, Mr. Om alleges that "Defendants have wrongfully converted said property for their profit causing injury to Plaintiff." (Compl. ¶ 28.) Mr. Om's complaint, however, fails to contain allegations against each defendant establishing liability for conversion. Further, as discussed above, alleging that certain acts were committed by either one defendant or another defendant is insufficient to satisfy *Iqbal*'s pleading standard. Any amended complaint must include facts supporting each element of conversion. Accordingly, the court dismisses Mr. Om's conversion claim with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Defendants' motion to dismiss (Dkt. # 5). The court DISMISSES WITH PREJUDICE Mr. Om's claims for negligence against BANA and CHL, and Mr. Om's claims against all Defendants for negligent misrepresentation, intentional misrepresentation, wrongful foreclosure, and violation of the Washington Consumer Protection Act, chapter 19.86 RCW. The court DISMISSES WITHOUT PREJUDICE Mr. Om's claims for negligence against MERS and ReconTrust, and Mr. Om's claims against all Defendants for breach of contract, unjust enrichment, and conversion, and GRANTS Mr. Om leave to file an amended complaint that cures the deficiencies identified in this order within 21 days of the entry of this order.

Dated this 15th day of June, 2012.

JAMES L. ROBART
United States District Judge